Clifford C. Weiss and Velda L. Weiss v. Commissioner.
Weiss v. Commissioner
Docket No. 6637-65.
United States Tax Court
T.C. Memo 1967-125; 1967 Tax Ct. Memo LEXIS 135; 26 T.C.M. (CCH) 564; T.C.M. (RIA) 67125; June 5, 1967
Clifford E. Jordan, for the petitioners. Frederick B. Strothman, for the Commissioner. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in the petitioner's income tax of $642.83 for 1961 and $31,219.86 for 1962. "The only issue for determination is whether petitioner's share of the distributable income of Intermountain Electric, Inc., (a small business corporation electing to be taxed as a partnership) for the taxable year ended October 31, 1962, should be increased by $47,121.25." Findings of Fact The petitioners, husband and wife, residing at Denver, *136 Colorado, filed joint returns for the tax years with the district director of internal revenue at Denver, Colorado. The Commissioner, in determining the deficiency for 1962, added $47,121.25 to the income reported by the petitioners on their return and explained that it represented an increase in income from Intermountain Electric, Inc. "to correct error in cost of goods sold resulting from overstatement of cost of beginning inventory." Intermountain Electric, Inc., hereafter referred to as Intermountain, was incorporated in 1956. Weiss has been its president since its inception. It uses an accrual method of accounting and filed corporate income tax returns on Form 1120 for all of its fiscal years ending October 31 through October 31, 1960 and thereafter, in accordance with an election within Subchapter S of the Internal Revenue Code of 1954, it filed Small Business Corporation returns on Form 1120-S, all with the director of internal revenue for the district of Colorado at Denver. It reported an opening and closing inventory of $334.75 for the year ended October 31, 1958 and for each succeeding year through October 31, 1961. It reported inventories for the next two years as *137 follows: Year Ended
Opening
Closing
October 31, 1962
$47,456.00
$47,672.10 [1]
October 31, 1963
47,672.10
44,967.05
Intermountain did not request or obtain permission to change its method of accounting. The Commissioner, in determining the petitioners' deficiency for 1962, reduced Intermountain's opening inventory for November 1, 1961 to $334.75, the amount of the closing inventory reported for October 31, 1961 and thus increased its income for the year by $41,121.25 and included that amount in the income of the petitioners for their calendar year 1962. The adjustment reduced the cost of goods sold in fiscal 1962 by that part of the inventory on hand which had been deducted by Intermountain in computing its income for prior years. A firm of certified public accountants had taken a physical inventory for Intermountain on March 31, 1962 and valued it at $47,456. This would not include any valueless items. Cost of goods sold in 1962 was shown on the Intermountain 1962 return as the total of the opening inventory, merchandise bought, salaries and wages and "other costs per books," less the *138 closing inventory of $47,762.10. No details of the above items were shown on that return or in the evidence herein. Cost of goods sold was subtracted on the return from "gross receipts" but how the amount of "gross receipts" was computed is not shown on the return or in the evidence herein. All stipulated facts are incorporated herein by this reference. Opinion MURDOCK, Judge: A valid election was made under Subchapter S, Internal Revenue Code 1954, to have Intermountain not subject to income taxes for its year ended October 31, 1962 and the petitioners, as its sole stockholders, would be subject to tax under Subsection S on certain of the income of the corporation for that year. The parties are agreed on the above and have agreed upon all adjustments except the $47,121.25 item. Intermountain, prior to this year, had been reporting $334.75 as both opening and closing inventory for each fiscal year but changed to an opening inventory of $47,456 for fiscal 1962. This amount was the value of the physical inventory on March 31, 1962 arrived at by a firm of accountants and is not disputed by either party hereto. The Commissioner subtracted the closing inventory as of October 31, 1962 of *139 $334.75 from $47,456 and held that the resulting $47,121.25 represented additional unreported income of Intermountain for its fiscal year 1962. The articles valued and included by the certified public accountants in the $47,456 were materials purchased for and charged to but not used in prior contracts. Their costs had thus been recovered by Intermountain in computing its profits in prior years and if any of the items were used by it in fulfilling a later contract, their costs or values should not be used to reduce the profit from that contract. The opening inventory valued at $47,456 would permit that duplication which might be more or less than cost depending upon the relation of March 31, 1962 values to cost. The record does not show whether or not any of the articles in the $47,456 were used by Intermountain during its fiscal year 1962 or, if any were used, what part of the $47,456 they represented. The determination of the Commissioner is presumed to be correct and any failure of proof works against the petitioners. The evidence fails to show that the Commissioner erred in increasing fiscal 1962 income of Intermountain by $47,121.25. The petitioners' arguments are not to *140 any point important herein. The income tax liabilities of Intermountain for prior years are not before the Court, the statute of limitations has no applicability here, cf. Graff Chevrolet Company v. Campbell, 343 F. 2d 568, Intermountain taxable income of prior years is not involved, and the Commissioner made no error in taxing the Intermountain 1962 income to the petitioners. The Commissioner has proceeded in accordance with the provisions of Subchapter S and sections 446 and 481. Cf. Fred P. Pursell, 38 T.C. 263. Decision will be entered under Rule 50. Footnotes
1. The stipulated amount but the return shows $47,762.10.↩